UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

OLD CARCO LLC
(f/k/a CHRYSLER LLC),

                              Debtor,                        13 CV 4333 (RPP)
------------------------------------------------------------X
ROSS A. FIORANI,
                              Appellant,

               - against -                        **OPINION & ORDER**

OLD CARCO LIQUIDATION TRUST,

                              Appellee,
------------------------------------------------------------X
**ROBERT P. PATTERSON, JR., U.S.D.J.**

      The instant case is an appeal from the Memorandum Decision and Order Denying Motion for a Free Car and/or Monetary Damages, entered on May 2, 2013, by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  Between May 10, 2013 and May 24, 2013, Appellant Ross A. Fiorani, pro se, submitted various documents which were collectively construed by this Court as constituting an appellant brief. (See Order, Jan. 31, 2014, ECF No. 8.)  Appellee Old Carco Liquidation Trust ("Old Carco" or the "Debtor") submitted a response to Mr. Fiorani's appeal on February 13, 2014.  (Appellee's Br., ECF No. 9.)

      Because the papers filed by Mr. Fiorani do not contain a precise statement of issues, required by Bankruptcy Rule 8010(a)(1)(C), the Court assumes that Mr. Fiorani is seeking reversal of the Bankruptcy Court's Order on any and all available grounds.  For the reasons set forth below, after full consideration of Mr. Fiorani's claims, the Court determines that Mr. Fiorani's arguments are without merit and affirms the Bankruptcy Court's Order in its entirety.

1

I.  **Factual Background**[1]

Mr. Fiorani filed a request for the appointment of class-counsel to represent victims of misconduct by various Chrysler and Dodge dealerships on May 23, 2009.  (See Bankr. Order at 1-2.)  Mr. Fiorani also demanded the immediate delivery of a Dodge Charger R/T as a prepayment of damages of at least $75,000.  (Id. at 2.)  After receiving delayed notice of Mr. Fiorani's motion, Old Carco filed an objection to the motion on January 23, 2013.  (Appellee's Br. at 2.)  In a reply, submitted on February 1, 2013, Mr. Fiorani demanded $1.2 million in damages.  (Bankr. Order at 2.)  The Bankruptcy Court held a hearing on Mr. Fiorani's motion on February 5, 2013, and entered an Order denying the motion on May 2, 2013.  (See generally, id.)

The Bankruptcy Court found that Mr. Fiorani's claims against non-Debtors—that is, his claims again non-debtor dealerships and New Chrysler—are beyond the jurisdiction of the Bankruptcy Court because they are "asserted by a non-debtor against non-debtors and do not have any conceivable effect on [the Debtors'] estate."  (Id. at 6.)  The Bankruptcy Court also found that Mr. Fiorani's claims against Old Carco and other debtors are "barred as a result of his failure to file a proof of claim."  (Id. at 7.)  Finally, the Bankruptcy Court found that even if Mr. Fiorani were entitled to a distribution from the Debtors' estates, the Debtors' Chapter 11 Plan "does not provide for the distribution of motor vehicles to creditors on account of their claims, and Fiorani has failed to show that he is entitled to a monetary distribution of $1.2 million (or any other sum) under the plan."  (Id.)

Mr. Fiorani filed a notice of appeal of the Bankruptcy Court's Order on May 10, 2013.  (Notice of Appeal, 13 CV 4333, ECF No. 1.)  In his briefing, Mr. Fiorani does not contest the

---

[1] For a more detailed discussion of the factual background in this case, see the factual findings in the Bankruptcy Court's Decision and Order, which this Court has reviewed for clear error.  (Mem. Decision & Order Denying Mot. for a Free Car and/or Monetary Damages by Stuart M. Bernstein, U.S. Bankr. Judge ("Bankr. Order") at 2-6, May 2, 2013.)

merits of the Bankruptcy Court's denial of his motion or make any argument as to why the Bankruptcy Court's Order should be reversed.  Instead, Mr. Fiorani makes a series of arguments, including arguments that certain non-debtor dealerships are engaged in "a massive, nationwide, civil and criminal conspiracy" against him (id. at 3); that "the defendant and others have engaged in dishonest practices in connection with a program administered by an agency of the Government, [constituting] a fraud on the United States" (id. at 5); and that "the Bankruptcy Court intentionally misstated information in the Memorandum that was knowingly inaccurate, misleading and that was maliciously intended to cast serious doubts on Fiorani's character and professionalism" (id. at 7), among other arguments.  Mr. Fiorani does not offer relevant evidence from the record in support of any of the arguments in his briefing.

**II.     Applicable Law**

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that a reviewing court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree" or it may "remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.  The Court has reviewed the Bankruptcy Court's legal conclusions de novo, and its factual findings for clear error.  See Denton v. Hyman (In re Hyman), 502 F.3d 61, 65 (2d Cir. 2007).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp., 610 F.3d 44, 51 (2d Cir. 2010) (internal citation and quotation omitted).  This standard precludes a district court from reversing a Bankruptcy Court decision "if its account of the evidence is plausible, even if [the district court] is convinced that it would have weighed the

evidence differently." Collins v. Hi-Qual Roofing & Siding Materials, Inc., 2003 WL 23350125, at 4, n.16 (W.D.N.Y. Dec. 18, 2003).

**III.    Discussion**

After full consideration of Mr. Fiorani's claims, the Court finds that the Bankruptcy Court's Order cannot be reversed or modified for the following three reasons:

First, Mr. Fiorani's motion appears to seek relief from vehicle dealerships and other non-debtors. The Bankruptcy Court was correct in its finding that claims against non-debtors are beyond the jurisdiction of the Bankruptcy Court. See Geron v. Schulman (In re Manshul Const. Corp.), 225 B.R. 41, 45 (Bankr. S.D.N.Y. 1998) ("Bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor.") (internal citation and quotation omitted).

Second, the Bankruptcy Court correctly determined that Mr. Fiorani's failure to file proof of his claims was grounds for denying his claims. The Court finds no error in the Bankruptcy Court's factual determination that Mr. Fiorani "did not detail any specific post-petition, pre-sale conduct by Old Carco that might give rise to an administrative claim." (Bankr. Order at 7.) Similarly, in this appeal, no evidence has been submitted in support of Mr. Fiorani's various arguments. Failure to file proof of a claim is proper grounds for dismissal under Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure. See Fed. R. Bankr. P. 3003(c)(2) ("Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.").

Finally, Mr. Fiorani requested in his initial motion to the Bankruptcy Court that he be given a specifically-configured Dodge Charger R/T in partial payment of alleged damages of at

4

least $75,000—an amount later increased to $1.2 million in his reply motion and to $5 million in this appeal.  (See id.; Notice of Appeal at 14.)  The Court finds no error in the Bankruptcy Court's determination that Old Carco's distribution plan does not provide for the distribution of motor vehicles to creditors on account of their claims.  (Bankr. Order at 7.)  Further, the Bankruptcy Court was correct in its finding that Mr. Fiorani failed to state any legal theory or submit any evidence to show he was entitled to any monetary sum.  (Id.)

## IV. Conclusion

For the foregoing reasons, the Court affirms the May 2, 2013 Decision and Order of the Bankruptcy Court in its entirety.  The Clerk of the Court shall enter judgment accordingly and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

IT IS SO ORDERED.

Dated: New York, NY
March 20, 2014

                                                       _s/s_____
                                                       Robert P. Patterson, Jr.
                                                       U.S.D.J.


Copies of this Opinion and Order were sent to:

**Ross Fiorani**
7115 Latour Court
Kingstowne, VA 22315

**Corinne Ball**
Jones Day (NYC)
222 East 41st Street
New York, NY 10017

(212)-326-7844
Fax: (212)-755-7306
Email: cball@jonesday.com

**Jeffrey B. Ellman**
Jones Day (Atlanta)
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
(404) 581-3939
Fax: (404) 581-8330